In this case the chancellor decided that where the answer of the defendant is accompanied by a plea or demurrer to any part of the discovery sought by the bill, the complainant cannot except immediately to such answer, unless he means to admit the validity of the plea or demurrer, but must wait until the plea or demurrer has been argued and disposed of, and then file his exceptions both for insufficiency and for impertinence. Therefore, *that when a plea or demurrer, accompanied by an answer to any part of the bill, is overruled, the complainant, instead of taking an order for a further answer, as directed by the 49th Rule of this court, should take air order overruling the demurrer, with costs, merely. That under such an order he may at any time within twenty days file exceptions to the answer already put in, either for insufficiency or for impertinence, or both, so as to obtain a full and proper answer to the whole bill. And that if he does not except within the twenty days, or within such further time as may be allowed by the court for that purpose, the answer before put in will be deemed sufficient. But if exceptions are filed they must be submitted to or be referred within the same time and in the same manner as exceptions to an ordinary answer. That the same course of proceeding substantially is to be adopted for the purpose of getting a full and pertinent answer to the part of the bill not covered by the plea or demurrer, where such plea or demurrer has been allowed upon argument thereof. Order of the vice-chancellor reversed, with costs, and the motion of respondent to-strike out the exceptions denied, with costs.